UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPENCER JAMES

        Plaintiff,

vs.
                            Case No. 26-        -CV
                            Hon.

CITY OF STERLING HEIGHTS,
OFFICER ADAM TERRY, OFFICER NATAN BITTOU
OFFICER ANTHONY VACCARO, and SERGEANT
MARGARET COURTLEY
*In each of their official and individual capacities, jointly and severally,*

        Defendants.

                                                  /

SARTI, LINDQUIST, & ROBL P.C.
VINCENZO R. SARTI (P85355)
Attorneys for Plaintiff
126 S Main St.
Mount Clemens, MI 48043
586-301-7700
vincenzo@SLRfirm.com

                                                  /

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.*

## COMPLAINT

NOW COMES Plaintiff, SPENCER JAMES, by and through his attorneys, Sarti, Lindquist, & Robl P.C., and for his Complaint, states as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff SPENCER JAMES is a resident of Romeo, Macomb County, Michigan.

2.     Defendant, CITY OF STERLING HEIGHTS ("CITY"), is a Michigan municipal corporation organized and existing under the laws of the State of



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

1

Michigan. The CITY owns, operates, supervises, and controls the Sterling Heights Police Department and is responsible for the training, supervision, policies, practices, and conduct of its police officers. The CITY may be served through its Clerk or other authorized agent.

3. Defendant, OFFICER ADAM TERRY ("TERRY"), was at all relevant times a police officer employed by the Sterling Heights Police Department and acting within the course and scope of his employment and authority.

4. Defendant, OFFICER NATAN BITTOU ("BITTOU"), was at all relevant times a police officer employed by the Sterling Heights Police Department and acting within the course and scope of his employment and authority.

5. Defendant, OFFICER ANTHONY VACCARO ("VACCARO"), was at all relevant times a police officer employed by the Sterling Heights Police Department and acting within the course and scope of his employment and authority.

6. Defendant, SERGEANT MARGARET COURTLEY ("COURTLEY"), was at all relevant times a supervisory police officer employed by the Sterling Heights Police Department and acting within the course and scope of her employment and authority.

7. This action arises under 42 U.S.C. §1983 for violations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

8.      This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

9.      The underlying incident occurred on or about August 8, 2024, in Sterling Heights, Macomb County, Michigan.

10.     Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b), because the events and omissions giving rise to Plaintiff's claims occurred within this District, including in Sterling Heights, Macomb County, Michigan.

11.     Plaintiff's claims are timely filed within the applicable statute of limitations.

## FACTUAL BACKGROUND

12.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 11 as though fully set forth herein.

13.     On August 8, 2024, Plaintiff Spencer James, a 29-year-old resident of Sterling Heights, Michigan, voluntarily presented himself at the Sterling Heights Police Department, located at approximately 40333 Dodge Park Road, for the purpose of addressing what he believed to be an outstanding warrant.

14.     Plaintiff arrived at the police station during evening hours and entered the public lobby area, where he requested to speak with police personnel and communicated the reason for his presence.

15.     At the time Plaintiff entered the police station, he was unarmed, had committed no crime in the officers' presence, and posed no immediate threat to officers or members of the public.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

3

16. After Plaintiff's arrival, officers conducted a LEIN inquiry and confirmed the existence of an outstanding warrant.

17. Defendant Officer Adam Terry, a sworn police officer employed by the City of Sterling Heights, was stationed at or near the front desk and made initial contact with Plaintiff.

18. Defendant Officer Natan Bittou, also a sworn police officer employed by the City of Sterling Heights, was present in the police station and was summoned to assist with the arrest of Plaintiff.

19. Defendant Officer Anthony Vaccaro, a sworn police officer employed by the City of Sterling Heights, arrived at the lobby area while the interaction between Plaintiff and Officers Terry and Bittou was ongoing.

20. Defendant Sergeant Margaret Courtley, a supervisory officer employed by the City of Sterling Heights Police Department, also responded to the scene and was present during the physical encounter that followed.

21. At or about this time, multiple officers surrounded Plaintiff in close proximity.

22. Plaintiff was informed that he was under arrest based on the outstanding warrant.

23. Plaintiff, who was seated in a chair in the public lobby area, was instructed to stand up and put his hands behind his back while being advised of the arrest.

24. Plaintiff was given commands to place his hands behind his back.

25. Before Plaintiff and an opportunity to comply he was physically engaged by the officers.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

4

26.     Defendant Officer Bittou physically engaged Plaintiff by placing Plaintiff back into a chair and applying a joint lock to Plaintiff's arm.

27.     Several other officers also physically engaged Plaintiff.

28.     After the other officers had restrained Plaintiff and while he was not a threat to the officers, Defendant Officer Terry unnecessarily struck Plaintiff in the face with a closed fist, delivering a forceful punch to Plaintiff's facial area.

29.     As a result of the punch, Plaintiff immediately began bleeding from his face and nose.

30.     Plaintiff was then forced to the ground by officers, including Defendants Bittou and Vaccaro, while Defendant Courtley was present and supervising the encounter.

31.     While Plaintiff was on the ground, officers continued to apply physical force to restrain him, despite the fact that Plaintiff was surrounded by multiple officers and outnumbered.

32.     At no point was Plaintiff a threat to an officer.

33.     At no point prior to the punch delivered by Defendant Terry did Plaintiff strike an officer with a closed fist or possess a weapon.

34.     Plaintiff suffered visible injuries during the encounter, including significant facial bleeding.

35.     Emergency medical services were summoned to the police station, and Plaintiff was transported by ambulance to Beaumont Hospital in Troy, Michigan for evaluation and treatment.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

5

36. Medical evaluation confirmed that Plaintiff sustained a fractured nose, broken ribs, facial trauma, and other physical injuries consistent with blunt-force impact.

37. Plaintiff was later transported to the Macomb County Jail following his medical treatment.

38. As a direct and proximate result of Defendants' actions, Plaintiff suffered the following injuries and damages:

a. Deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable seizures and the use of excessive and objectively unreasonable force by law enforcement officers;

b. Loss of physical liberty, including being forcibly restrained, taken to the ground, handcuffed, and detained through the use of unlawful force;

c. Intentional, harmful, and offensive physical contact, including being struck in the face with a closed fist and subjected to additional physical force while restrained and surrounded by multiple officers; and

d. Severe fear, emotional distress, and apprehension of imminent bodily harm, resulting from the officers' sudden and violent use of force in a police-controlled environment.

39. At all relevant times, Defendants Terry, Bittou, Vaccaro, and Courtley were acting under color of state law, within the course and scope of their employment with the City of Sterling Heights Police Department.

40. The force used against Plaintiff was not necessary to effectuate the arrest, was disproportionate to any resistance posed, and occurred in a controlled police-station environment where officers maintained overwhelming physical advantage.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

## FEDERAL CLAIMS - 42 U.S.C. § 1983

### COUNT I – 42 U.S.C. §1983 EXCESSIVE FORCE (FOURTH AMENDMENT)
### AGAINST DEFENDANT OFFICER ADAM TERRY

41.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

42.     At all relevant times, Defendant Adam Terry was a sworn police officer employed by the Sterling Heights Police Department and was acting under color of state law.

43.     That at times relevant to the events herein complained of, Defendants were acting under color of law and scope of the authority vested in them as police officers.

44.     That at all times material herein, Defendant-Officers deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

45.     That the defendant-officers contravened the provisions of the Fourth Amendment's proscription against illegal search and seizure in approaching, detaining and imprisoning Plaintiff as was accomplished with excessive force.

46.     On August 8, 2024, Defendant Terry participated in the arrest and seizure of Plaintiff inside the Sterling Heights Police Department lobby.

47.     Plaintiff was unarmed, surrounded by multiple officers, and located within a secure police facility at the time force was used against him.

48.     During the course of the arrest, Defendant Terry intentionally struck Plaintiff in the face with a closed fist, causing Plaintiff to sustain a broken nose, facial trauma, bleeding, and additional injuries.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

7

49. At the time Defendant Terry used force, Plaintiff did not pose an immediate threat to officer safety and was not attempting to flee.

50. The force used by Defendant Terry was objectively unreasonable under the circumstances and was not justified by any legitimate law-enforcement need.

51. Defendant Terry's actions constituted an unreasonable seizure in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

52. Defendant Terry knew or should have known that striking a restrained or surrounded individual in the face with a closed fist constituted excessive force under clearly established law.

53. As a direct and proximate result of Defendant Terry's unconstitutional conduct, Plaintiff suffered physical injury, pain and suffering, emotional distress, medical expenses, and other compensable damages.

54. Defendant Terry is not entitled to qualified immunity because his conduct violated Plaintiff's clearly established constitutional rights, of which a reasonable officer would have known.

WHEREFORE, Plaintiff requests judgment against Defendant Adam Terry for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

8

### COUNT II - 42 U.S.C. §1983 EXCESSIVE FORCE (FOURTH AMENDMENT) AGAINST DEFENDANT OFFICER ANTHONY VACCARO

55.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56.     At all relevant times, Defendant Anthony Vaccaro was a sworn police officer employed by the Sterling Heights Police Department and was acting under color of state law.

57.     That at times relevant to the events herein complained of, Defendants were acting under color of law and scope of the authority vested in them as police officers.

58.     That at all times material herein, Defendant-Officers deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

59.     That the defendant-officers contravened the provisions of the Fourth Amendment's proscription against illegal search and seizure in approaching, detaining and imprisoning Plaintiff as was accomplished with excessive force.

60.     On August 8, 2024, Defendant Vaccaro actively participated in the arrest, restraint, and physical takedown of Plaintiff inside the Sterling Heights Police Department.

61.     Defendant Vaccaro assisted in forcibly taking Plaintiff to the ground, restraining his arms, and maintaining physical control over Plaintiff during and after the use of force by other officers.

62.     Plaintiff was outnumbered, unarmed, and located in a controlled police environment at the time Defendant Vaccaro used force against him.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

9

63. The level of force used by Defendant Vaccaro was grossly disproportionate to any resistance offered and exceeded what was objectively reasonable under the circumstances.

64. Defendant Vaccaro's actions contributed to Plaintiff's physical injuries, pain, emotional distress, and loss of liberty.

65. Defendant Vaccaro's conduct constituted an unreasonable seizure in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment.

66. Defendant Vaccaro knew or should have known that the use of significant physical force against a non-threatening arrestee violated clearly established constitutional standards.

67. Defendant Vaccaro is not entitled to qualified immunity because his conduct violated clearly established constitutional rights of which a reasonable officer would have been aware.

WHEREFORE, Plaintiff requests judgment against Defendant Anthony Vaccaro for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.

### COUNT III - 42 U.S.C. §1983 EXCESSIVE FORCE (FOURTH AMENDMENT) AGAINST DEFENDANT OFFICER NATAN BITTOU

68. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

10

69. At all relevant times, Defendant Natan Bittou was a sworn police officer employed by the Sterling Heights Police Department and was acting under color of state law.

70. That at times relevant to the events herein complained of, Defendants were acting under color of law and scope of the authority vested in them as police officers.

71. That at all times material herein, Defendant-Officers deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

72. That the defendant-officers contravened the provisions of the Fourth Amendment's proscription against illegal search and seizure in approaching, detaining and imprisoning Plaintiff as was accomplished with excessive force.

73. On August 8, 2024, Defendant Bittou actively participated in the arrest, restraint, and physical takedown of Plaintiff inside the Sterling Heights Police Department.

74. Defendant Bittou assisted in forcibly taking Plaintiff to the ground, restraining his arms, and maintaining physical control over Plaintiff during and after the use of force by other officers.

75. Plaintiff was outnumbered, unarmed, and located in a controlled police environment at the time Defendant Bittou used force against him.

76. The level of force used by Defendant Bittou was grossly disproportionate to any resistance offered and exceeded what was objectively reasonable under the circumstances.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

11

77. Defendant Bittou's actions contributed to Plaintiff's physical injuries, pain, emotional distress, and loss of liberty.

78. Defendant Bittou's conduct constituted an unreasonable seizure in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment.

79. Defendant Bittou knew or should have known that the use of significant physical force against a non-threatening arrestee violated clearly established constitutional standards.

80. Defendant Bittou is not entitled to qualified immunity because his conduct violated clearly established constitutional rights of which a reasonable officer would have been aware.

WHEREFORE, Plaintiff requests judgment against Defendant Natan Bittou for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.

### COUNT IV - 42 U.S.C. §1983 EXCESSIVE FORCE (FOURTH AMENDMENT) AGAINST DEFENDANT OFFICER MARGARET COURTLEY

81. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 80 as though fully set forth herein.

82. At all relevant times, Defendant Margaret Courtley was a sworn police officer and supervisor employed by the Sterling Heights Police Department and was acting under color of state law.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

83. That at times relevant to the events herein complained of, Defendants were acting under color of law and scope of the authority vested in them as police officers.

84. That at all times material herein, Defendant-Officers deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

85. That the defendant-officers contravened the provisions of the Fourth Amendment's proscription against illegal search and seizure in approaching, detaining and imprisoning Plaintiff as was accomplished with excessive force.

86. On August 8, 2024, Defendant Courtley responded to and actively participated in the arrest and physical restraint of Plaintiff inside the Sterling Heights Police Department lobby.

87. Defendant Courtley physically assisted in controlling Plaintiff, restraining his movements, and maintaining physical force over Plaintiff during and immediately after the use of force by other officers.

88. At the time Defendant Courtley applied force, Plaintiff was unarmed, outnumbered by officers, and located inside a secure police facility.

89. Plaintiff did not pose an immediate threat to officer safety and was not attempting to flee at the time force was used.

90. The force used and maintained by Defendant Courtley was objectively unreasonable and exceeded what was necessary to effectuate Plaintiff's arrest.

91. Defendant Courtley's conduct constituted an unreasonable seizure in violation of Plaintiff's rights under the Fourth Amendment to the United



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

13

States Constitution, as applied to the states through the Fourteenth Amendment.

92. Defendant Courtley knew or should have known that applying or maintaining significant physical force against a non-threatening arrestee violated clearly established constitutional law.

93. As a direct and proximate result of Defendant Courtley's unconstitutional conduct, Plaintiff suffered physical injury, pain and suffering, emotional distress, medical expenses, and loss of liberty.

94. Defendant Courtley is not entitled to qualified immunity because her conduct violated Plaintiff's clearly established constitutional rights.

WHEREFORE, Plaintiff requests judgment against Defendant Margaret Courtley for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.

### COUNT V – 42 U.S.C. §1983 FAILURE TO INTERVENE (FOURTH AMENDMENT) AGAINST DEFENDANT NATAN BITTOU

95. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 94 as though fully set forth herein.

96. At all relevant times, Defendant Natan Bittou was a sworn police officer employed by the Sterling Heights Police Department and was acting under color of state law.

97. Defendant Bittou was present during the arrest of Plaintiff on August 8, 2024, and observed Defendant Terry strike Plaintiff in the face.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

14

98.     Defendant Bittou was in close proximity to Plaintiff and Defendant Terry and had a realistic opportunity to prevent or limit the use of excessive force.

99.     Defendant Bittou knew or should have known that the force being used against Plaintiff was objectively unreasonable and unconstitutional.

100.    Despite having a duty and the ability to intervene, Defendant Bittou failed to take any reasonable steps to stop or mitigate the unlawful use of force.

101.    A police officer who observes the use of excessive force and fails to intervene violates the Fourth Amendment to the United States Constitution.

102.    Defendant Bittou's failure to intervene was a direct and proximate cause of Plaintiff's physical injuries, pain and suffering, emotional distress, and loss of liberty.

103.    Defendant Bittou is not entitled to qualified immunity because the duty to intervene to prevent the use of excessive force was clearly established at the time of the incident.

WHEREFORE, Plaintiff requests judgment against Defendant Natan Bittou for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.

### COUNT VI – 42 U.S.C. §1983 FAILURE TO INTERVENE (FOURTH AMENDMENT) AGAINST DEFENDANT SERGEANT MARGARET COURTLEY

104.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 103 as though fully set forth herein.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

15

105. At all relevant times, Defendant Margaret Courtley was a sworn police officer and supervisor employed by the Sterling Heights Police Department and was acting under color of state law.

106. Defendant Courtley was present during the arrest of Plaintiff and observed or was aware of Defendant Terry's use of force against Plaintiff.

107. Defendant Courtley was in a position of authority and had the ability to stop or limit the use of excessive force.

108. Defendant Courtley had sufficient time and opportunity to intervene but failed to do so.

109. Defendant Courtley knew or should have known that the force being used against Plaintiff was excessive and unconstitutional.

110. Defendant Courtley's failure to intervene violated Plaintiff's clearly established rights under the Fourth Amendment.

111. As a direct and proximate result of Defendant Courtley's failure to intervene, Plaintiff suffered physical injury, emotional distress, medical expenses, and loss of liberty.

112. Defendant Courtley is not entitled to qualified immunity because a supervising officer's duty to intervene to prevent excessive force was clearly established at the time of the incident.

WHEREFORE, Plaintiff requests judgment against Defendant Margaret Courtley for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.



**SARTI LINDQUIST & ROBL**
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

16

## COUNT VII – 42 U.S.C. §1983 FAILURE TO INTERVENE (FOURTH AMENDMENT  AGAINST DEFENDANT ANTHONY VACCARO

113. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 112 as though fully set forth herein.

114. At all relevant times, Defendant Anthony Vaccaro was a sworn police officer employed by the Sterling Heights Police Department and was acting under color of state law.

115. Defendant Vaccaro was present during the arrest of Plaintiff on August 8, 2024, inside the Sterling Heights Police Department lobby.

116. Defendant Vaccaro observed, or reasonably should have observed, Defendant Terry's use of force against Plaintiff, including the closed-fist strike to Plaintiff's face.

117. Defendant Vaccaro was in close physical proximity to Plaintiff and Defendant Terry and had a realistic opportunity to intervene and prevent or limit the use of excessive force.

118. Defendant Vaccaro knew or should have known that the force being used against Plaintiff was objectively unreasonable under the circumstances and violated clearly established constitutional standards.

119. Despite having the opportunity and duty to intervene, Defendant Vaccaro failed to take any reasonable steps to stop or mitigate the unconstitutional use of force.

120. A police officer who observes the use of excessive force and fails to intervene violates the Fourth Amendment to the United States Constitution.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

17

121.    Defendant Vaccaro's failure to intervene was a direct and proximate cause of Plaintiff's physical injuries, pain and suffering, emotional distress, and loss of liberty.

122.    Defendant Vaccaro is not entitled to qualified immunity because the duty to intervene to prevent excessive force was clearly established at the time of the incident.

WHEREFORE, Plaintiff requests judgment against Defendant Anthony Vaccaro for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.

### COUNT VIII – 42 U.S.C. §1983 MUNICIPAL LIABILITY (*MONELL* CLAIM) AGAINST DEFENDANT CITY OF STERLING HEIGHTS

123.    Plaintiff hereby re-alleges and incorporates hereby re-alleges and incorporates by reference Paragraphs 1 through 122 as though fully set forth herein.

124.    Defendant City of Sterling Heights is a municipal entity organized under the laws of the State of Michigan and is responsible for the policies, customs, practices, training, supervision, and discipline of the Sterling Heights Police Department and its officers.

125.    At all relevant times, Defendants Terry, Bittou, Courtley, and Vaccaro were employees, agents, and/or officers of the City of Sterling Heights, acting within the course and scope of their employment and under color of state law.



SARTI LINDQUIST & ROBL

LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

126. The constitutional violations suffered by Plaintiff were caused by the execution of official policies, customs, or practices of the City of Sterling Heights, including but not limited to:

    a. A policy or custom permitting the use of excessive force against individuals who pose no immediate threat;

    b. A policy or custom of failing to properly train officers in the constitutional limits on the use of force;

    c. A policy or custom of failing to adequately supervise officers during custodial arrests inside police facilities;

    d. A policy or custom of failing to discipline officers who use excessive force or fail to intervene; and

    e. A policy or custom of tolerating and ratifying unconstitutional conduct by police officers through inadequate investigation and accountability.

127. The City of Sterling Heights knew or should have known that its policies, customs, and practices would result in constitutional violations, including excessive force and failures to intervene.

128. The City of Sterling Heights was deliberately indifferent to the known or obvious consequences of its failure to train, supervise, and discipline its officers.

129. The unconstitutional conduct of Defendants Terry, Bittou, Courtley, and Vaccaro was a foreseeable result of the City's policies, customs, and deliberate indifference.

130. As a direct and proximate result of the City of Sterling Heights' unconstitutional policies and customs, Plaintiff suffered physical injury, emotional distress, loss of liberty, and other damages.



**SARTI LINDQUIST & ROBL**

LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

131.    Defendant City of Sterling Heights is liable under 42 U.S.C. § 1983 for the violations of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff requests judgment against Defendant City of Sterling Heights for compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees costs, pursuant to 42 U.S.C. § 1983, and all other relief this Court deems just and proper.

**STATE CLAIMS**

**COUNT IX – ASSAULT AND BATTERY**

132.    Plaintiff hereby re-alleges and incorporates hereby re-alleges and incorporates by reference Paragraphs 1 through 131 as though fully set forth herein.

133.    That Defendant-Officers did assault and batter Plaintiff.

134.    That as a result of the aforesaid assault and battery, Plaintiff suffered numerous injuries, including a fractured nose, broken ribs, facial trauma, and other physical injuries consistent with blunt-force impact.

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees.

**COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

135.    Plaintiff hereby re-alleges and incorporates hereby by reference Paragraphs 1 through 134 as though fully set forth herein.



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700

20

136. That Defendants exhibited extreme and outrageous conduct toward Plaintiff including by beating him with neither provocation nor justification with such dedication as to foist serious injuries upon him, including a fractured nose, broken ribs, facial trauma

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including compensatory damages, exemplary damages, punitive damages, interest, costs and attorney fees.

Respectfully submitted

/s/ *Vincenzo R. Sarti*
Vincenzo R. Sarti (P85355)
SARTI, LINDQUIST, & ROBL P.C.
ATTORNEY FOR PLAINTIFF
126 S Main St.
Mount Clemens, MI 48043
586-301-7700
vincenzo@SLRfirm.com

Dated: July 17, 2026



SARTI
LINDQUIST
& ROBL
LAW FIRM

126 S. Main St.
Mt. Clemens, MI 48043
(586) 301-7700